# Case No. 6,734.

## In re HOUSBERGER et al.

[2 Ben. 504; [1] 2 N. B. R. 92 (Quarto, 33).]

District Court, S. D. New York. Sept., 1868.

DATE WHEN ASSIGNMENT IN BANKRUPTCY TAKES EFFECT—SHERIFF'S FEES ON AN ATTACHMENT ISSUED PREVIOUS TO BANKRUPTCY PROCEEDINGS.

1. Where an attachment was issued to a sheriff on June 8th, under which he seized on that day goods of the debtors, and they, on June 10th, filed their petition in bankruptcy, and on June 19th the register demanded of the sheriff the goods which he had attached, which he refused to deliver up, and, on September 1st, an assignee was appointed, who also demanded the goods, and the sheriff claimed to hold them for his fees, of which he presented a bill, and the assignee requested the register to sanction its payment, which he refused to do: Held, that the assignment in bankruptcy dissolved the attachment.

2. Such assignment dated back to the 10th of June, and the title of the assignee to the property vested in him as of that date, but subject to all liens then existing.

[Cited in Re Dey, Case No. 3,870.]

3. The proceedings of the sheriff, up to June 10th, were regular and valid, and he had a lien on the property for fees which had then accrued, but to no greater extent.

[Cited in Re Davis, Case No. 3,616; Zeiber v. Hill, Id. 18,206; Gardner v. Cook, Id. 5,226.]

[Cited in Stuart v. Hines, 33 Iowa, 63, and in brief in Goss v. Cardell, 53 Vt. 449.]

[In the matter of Doris Housberger and Gustav Zibelin, bankrupts.]

By the Register:

[2] [I, Edgar Ketchum, one of the registers of said court in bankruptcy, do hereby certify that in the course of the proceedings in said cause before me, the following ques-

---

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

[2] [From 2 N. B. R. 92 (Quarto, 33).]

tion arose pertinent to the said proceedings, and is stated and agreed to by James Davis, the assignee, who appeared in person on his own part, and on the part of the creditors of the said bankrupt.

[The assignee having been duly appointed on September 1st, 1868, and having on September 3d, received from the register assignment in due form, applied to the sheriff of the city and county of New York, for certain goods which had been taken by him under attachment issued June 8th, 1868, (the petition herein having been filed the 10th day of June, and the register having on the 18th of June received petition and schedules, and having on the 19th of June demanded the said goods of the sheriff, who then refused to deliver up the same,) and the sheriff having presented to the assignee a bill as follows: "Common Pleas, Raphael Goldsmidt against D. Housberger & Zibelin. Attachment issued June 8th, 1868, for eight hundred and fifty-six dollars and seventy-five cents. Sheriff charges, paid for cases, ten dollars. Keeper's fees, seven days and six nights, sixty-five dollars. Serving papers, two dollars and sixty-nine cents. Labor, ten dollars. Compensation to deputy, ten dollars. Total ninety-seven dollars and sixty-nine cents;" and having refused to deliver up the goods until such bills should be paid, the assignee asked the sanction of the register to its payment, which the register declined to give, whereupon the assignee requested certificate thereof to the court, which is now made accordingly.

[By the fourteenth section [of the act of 1867 (14 Stat. 522)] the assignment relates back to the commencement of proceedings in bankruptcy, and title vests in the assignee although the same is then attached on mesne process as the property of the debtor, and shall dissolve any such attachment, etc. The creditor failing in his action, must of course pay his own costs, and part of these is the sheriff's bill. And in all cases where this officer fails to collect his costs of the defendant, he looks to the plaintiff and his attorney for them. Why should the creditors at large be required to bear these costs for the benefit of the attaching creditor? It is true that in a state court when the property is relieved from the attachment the lien of the sheriff upon the goods for his costs is recognized, and they must be paid upon their liberation, the question of costs being one to be settled between the parties to that action at the end of the litigation. But here the attachment is dissolved, and the claim of the plaintiff is postponed, and the costs of his attorney are left, like his claim, without satisfaction, because all preference is disallowed; as well might the attorney say, that his costs shall be paid upon legal procedure well-founded, as the sheriff say that he has a lien upon the goods for his costs under the attachment now dissolved, for which costs both the plaintiff and his attorney

are responsible to the sheriff, without any pretence that they are unable to pay them in this case. It sometimes happens that there are a series of attachments, and it may be conceived that so many would be issued to engulf, in sheriff's costs upon them, whatever assets there might remain for the creditors at large. If, then, the sheriff's costs are to be allowed as a lien upon the goods, nothing may remain for the creditors at large of the bankrupt, although each creditor issuing his attachment may be perfectly responsible and abundantly able to pay the costs in his case. For these reasons I am of opinion that upon the dissolution of the attachment provided for as above, the property may be taken by the assignee, free from any lien of the sheriff for his costs, and that he must look to the parties upon whose action he proceeded.] [2]

---

BLATCHFORD, District Judge. The attachment must be assumed to have been properly issued on the 8th of June. It was legal and valid until it was dissolved. It was dissolved on the 10th of June. The assignment which dissolved it related back to the commencement of the proceedings in bankruptcy (section 14). The filing of the petition on the 10th of June, followed by an order of adjudication, was the commencement of proceedings (section 38). The attachment was, therefore, dissolved by the assignment as of the 10th of June. The title to the property attached vested in the assignee as of the 10th of June, but it so vested subject to all subsisting liens then existing on the property. The attachment was not vacated or made void ab initio. It was only dissolved from and after June 10th. The proceedings of the sheriff under it, up to June 10th, were regular and valid, and I think he has a lien on the property, for his fees which accrued prior to the filing of the petition, but to no greater extent.